COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Senior Judge Overton


CLINCHFIELD COAL COMPANY
                                                    MEMORANDUM OPINION*
v.      Record No. 2256-03-3                             PER CURIAM
                                                     DECEMBER 30, 2003
IKE BOWMAN


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Ramesh Murthy; Anne L. Musgrove; Penn, Stuart & Eskridge, on
          brief), for appellant.

          (Susan D. Oglebay, on brief), for appellee.


          Clinchfield Coal Company (employer) contends the Workers' Compensation

Commission erred in (1) giving deference to the deputy commissioner's credibility determination

based upon Ike Bowman's (claimant) "appearance" at the hearing, where claimant did not give

live testimony; and (2) finding that claimant proved he sustained an injury by accident arising

out of and in the course of his employment on April 15, 2002.  Upon reviewing the record and

the parties' briefs, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

                                             I.

          We find no merit in employer's contention that the commission erroneously gave

deference to the deputy commissioner's findings and "did not make its own factual

determination but, instead, concluded that [employer's] 'evidence' did not overcome the Deputy

Commissioner's factual determination that [claimant] 'appeared at the hearing to be a credible

_____

          * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

witness." To the contrary, in its opinion, the commission explicitly rejected any reliance upon the deputy commissioner's credibility determination based upon claimant's appearance by stating as follows:

> We note and are troubled by the Deputy Commissioner's statement that the claimant appeared at the Hearing to be credible, when, in fact, the claimant did not testify in person at the Hearing. It is not possible to determine from the record the basis for the Deputy Commissioner's credibility observation. However, our review of the record and the deposition testimony [of claimant, claimant's wife, and Randall Meade] leads us to conclude that the claimant has proven by the weight of the evidence that he suffered a compensable injury by accident.

Thus, the commission, as fact finder, reviewed the entire record, including the witnesses' deposition testimony and the content of the medical records, and made its own determination as to the credibility of the witnesses and the sufficiency of the evidence. It did not rely upon any credibility determination made by the deputy commissioner based upon claimant's appearance. Accordingly, we find no merit in employer's argument that this case should be reversed and remanded to the commission for a proper credibility determination.

II.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Claimant, who had worked for employer for twenty-seven years, testified in his August 12, 2002 deposition that he was not having any physical problems before he began work on April 15, 2002. Claimant, a roof bolter, testified that he arrived at work that day and changed his clothes in the bathhouse. Then he participated in a fifteen-minute "safety talk," held outside. After that meeting, he and the rest of his crew went inside the mine by motorized personnel carrier, and he began to work. The travel inside the mine took fifteen to twenty minutes. Claimant stated that he was working with another roof bolter, Steve Boggs. Claimant testified

- 2-

that he bent between six and eight bolts before installing them. He installed two bolts without incident. While installing a third bolt, he felt pain in his groin area. He stated that this happened thirty to forty minutes after he began to work underground.

Claimant stopped working and reported his injury to his supervisor, Benny Johnson, who was thirty to forty feet away. Claimant was eventually taken to the surface. He showered in the bathhouse, and was then referred to Dr. T. Patel. Dr. Patel "said something about a hernia" and referred claimant to Dr. David Smith for surgical care.

On April 16, 2002, Dr. Smith recorded a history of claimant feeling "burning and stinging in his right groin after lifting a heavy roof bolt a[t] work." Dr. Smith noted that claimant "works in a mine putting in roof bolts." Dr. Smith confirmed the diagnosis of right inguinal hernia and surgically repaired the hernia on May 6, 2002. Dr. Smith opined that based upon the history given to him by claimant, the April 15, 2002 incident at work resulted in claimant's hernia.

Meade, who worked for employer as chief electrician in April 2002, gave a sworn statement and deposition testimony indicating that he overheard a portion of a conversation on April 15, 2002 that took place in the bathhouse around 7:15 a.m. between claimant and a co-worker, Earl Crabtree. The portion of the conversation overheard by Meade lasted approximately fifteen seconds. Meade, who did not see claimant and Crabtree as they conversed, asserted that he was familiar with their voices and could distinguish them. Meade stated that claimant asked Crabtree about hernias and about the burning and swelling associated with them. Meade stated that Crabtree told claimant that he had reported his own hernia as a workers' compensation injury. Meade admitted that he noticed nothing unusual about claimant at the safety meeting that lasted approximately fifteen minutes and did not observe claimant in pain. Claimant denied experiencing any pain before his April 15, 2002 accident. In addition, he

did not recall having any conversation with Crabtree about hernias on the morning of April 15, 2002. Crabtree did not testify before the commission.

Claimant's wife testified that she did not notice anything unusual about claimant the day before the April 15, 2002 accident and that he did not complain of any pain before the accident.

Dr. Smith reviewed Meade's sworn statement, but stated that it was "not up to me to challenge [claimant's] history." Dr. Smith pointed out that "[t]he history [claimant] gave and subsequent findings were certainly consistent."

In ruling that claimant sustained his burden of proof, the commission found as follows:

> The claimant described a particular event at work, occurring at a reasonably specific time and place, resulting in an obvious and sudden mechanical change in his body. The medical record reflects that he reported the injury to his health care providers in a timely manner, and in a fashion that is entirely consistent with his sworn testimony. Further, there is nothing in the medical record suggesting that the claimant's injury occurred in any manner different from what was reported to his doctors, or which might cast doubt on his testimony. The claimant maintained that he was in good health before his alleged accident, and this testimony is corroborated by that of his wife, and by Meade's failure to observe anything suggesting that the claimant was in any pain or discomfort before he went underground on April 15, 2002.

In so ruling, the commission recognized the following:

> Even assuming that the conversation overheard by Meade occurred as alleged, it is not sufficient to overturn the Deputy Commissioner's determination. While Meade testified the claimant asked Crabtree about hernias, he did not hear the claimant state that he, in fact, was suffering from a hernia himself. Other than Meade's recall of an overheard conversation, there is no evidence in the record suggesting that the claimant was in any way injured or impaired the day before the accident alleged, that he was acting injured or in any way in pain prior to beginning work on April 15, or suggesting any other mechanism of injury.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the *cause* of [the] injury was an *identifiable incident or sudden precipitating event* and that it resulted in an *obvious sudden mechanical or structural change in the body*." Morris v. Morris,

238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). "In determining whether credible evidence exists [to support the commission's ruling], the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

In rendering its decision, the commission considered the witnesses' sworn testimony and, as fact finder, gave little probative weight to Meade's testimony. Claimant's testimony, which was corroborated by his wife's testimony and Dr. Smith's notes, provides credible evidence to support the commission's finding that claimant proved an identifiable incident that resulted in a compensable injury. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's findings." Id.

For these reasons, we affirm the commission's decision.

Affirmed.